**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 3:09-CV-166-ECR-RAM |
| Plaintiff, | ) | |
| vs. | ) | **Order** |
| DALTON WILSON, | ) | |
| Defendant. | ) | |

Now pending before the Court are a motion for stay pending appeal (#60), filed by Defendant Dalton Wilson on January 15, 2010, and a motion for permanent injunction (#61), filed by Plaintiff United States of America on January 19, 2010.  For the reasons stated below, Wilson's motion for stay (#60) will be denied as moot, and the United States' motion for permanent injunction (#61) will be granted.

### I. Background

The United States alleges that Wilson is liable for trespass on certain land owned by the federal government, located in Lander County, Nevada ("the subject property").  (Compl. ¶ 5 (#1).)  The subject property is an 80-acre portion of the land formerly owned by Mexico, which was ceded to the United States by the Treaty of Guadalupe Hidalgo in 1848.  (Id. ¶ 9.)  In 1981, Wilson acquired a

separate 80-acre parcel of land ("the adjacent property"), located adjacent to the subject property. (Id. ¶ 13.) In the mid-1980s, the United States Bureau of Land Management ("BLM") learned that Wilson was occupying not only the adjacent property, but also the subject property. (Id. ¶ 14.)

Wilson sought to purchase the subject property from the United States, but the parties never reached an agreement. (Id. ¶¶ 15-16.) In 2003, the BLM brought trespass proceedings against Wilson, which resulted in Trespass Notice/Decision to Remove on August 24, 2005, billing Wilson for trespass in the amount of $2,145.27 and requiring removal of all his personal property within 30 days. (Id. ¶¶ 17-18.) Wilson did not appeal the BLM's August 24, 2005, decision. (Id. ¶ 18.)

In November 2005, Wilson lost title to the adjacent property through foreclosure. (Id. ¶ 21.) After this occurred, Wilson began to reside on the subject property. (Id.) On November 23, 2005, the BLM issued warning notices, informing Wilson that he would be cited for criminal trespass if he did not vacate the subject property. (Id. ¶ 22.) Wilson did not respond to the warning notices, and on June 2, 2006, the BLM issued Wilson a criminal citation for occupancy trespass and another citation for grazing horses on public land without a permit. (Id. ¶ 23.)

Wilson was acquitted of criminal trespass. The United States District Judge presiding over the case found that Wilson had no lawful interest in the subject property and that he had knowingly and willfully occupied the subject property without authorization. But he also found that the United States had not established beyond

2

1 a reasonable doubt that the subject property was public land; title
2 to it was being challenged in a separate action brought by Lander
3 County.  (Id. ¶ 22.)  Lander County's lawsuit has since been
4 dismissed.  (Id. ¶ 28.)  Wilson continues to occupy the subject
5 property and to reside on it.  (Id. ¶ 29.)
6     On December 22, 2009, we issued an Order (#54) granting partial
7 summary judgment to the United States, ruling that the subject
8 property is federal property and that Wilson is liable for trespass
9 on the subject property.  On January 12, 2010, Wilson filed a notice
10 of appeal (#56) of our Order (#54), and he filed the motion to stay
11 (#60) on January 15, 2010.  On February 9, 2010, the Court of
12 Appeals dismissed the appeal, because our Order (#54) was not final
13 or otherwise appealable.  That judgment took effect on May 4, 2010.
14 (See Mandate (#77).)
15     On January 19, 2010, the United States filed a motion for
16 permanent injunction (#61), seeking an order requiring Wilson to
17 permanently remove himself, his personal belongings, and any other
18 personal property within his control or possession from the subject
19 property.  Wilson responded (#69) to the motion (#61), and the
20 United States replied (#70).
21
22            **II. Wilson's Motion for Stay (#60)**
23    Wilson's motion for stay (#60) seeks a stay of our Order (#54)
24 pending his appeal.  The Court of Appeals has dismissed Wilson's
25 appeal for lack of jurisdiction.  As such, Wilson's motion for stay
26 (#60) is moot, and will be denied on that basis.
27
28                              3

### III. Plaintiff's Motion for Permanent Injunction (#61)

Our Order (#54) granted partial summary judgment to the United States on the issue of whether the subject property is federal land and whether Wilson is liable for trespass. Plaintiff's motion for permanent injunction (#61) seeks an order granting permanent injunctive relief as follows: (1) Wilson shall vacate the subject property by July 31, 2010; (2) Wilson shall permanently remove from the subject property by July 31, 2010, all personal belongings and all personal property within his control or possession; (3) Any and all personal belongings or personal property owned by Wilson or within his control or possession that remains on the subject property after July 31, 2010, shall be deemed abandoned and may be disposed of by the BLM or its designee as abandoned property; and (4) If Wilson does not voluntarily remove himself, his personal belongings and any personal property within his control or possession from the subject property by July 31, 2010, the United States shall remove same from the subject property and may seek an award of costs for such removal.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 129 S. Ct. 365, 376 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter, 129 S.

4

Ct. at 374). The standard for a permanent injunction is essentially the same as for a preliminary injunction, with the exception that the plaintiff must show actual success, rather than a likelihood of success. See Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 546 n.12 (1987).

For the reasons stated in our Order (#54), the United States has demonstrated actual success on its claims. Though the amount of damages resulting from Wilson's trespass remains to be determined, the subject property is federal property, and Wilson is liable for trespass. Wilson's continued occupation of the property would cause Plaintiff irreparable harm in the absence of injunctive relief: real property is unique, and Wilson's continued occupation of the subject property would cause the United States a harm that cannot be compensated with money alone. See Sundance Land Corp. v. Cmty. First Fed. Sav. & Loan Ass'n, 840 F.2d 653, 661-62 (9th Cir. 1988). The balance of equities tips in favor of the United States: Wilson has no lawful interest in the subject property, and Wilson's continuing trespass deprives Plaintiff of enjoyment of its lawful interest in the subject property. Finally, an injunction is in the public interest: the federal government's stewardship of federal property, including taking action to evict trespassers, is in essence action taken on behalf of the public. As such, the requirements for a permanent injunction are satisfied, and issuance of a permanent injunction would be appropriate.

5

## IV. Conclusion

Wilson's request for a stay pending appeal is moot because the Court of Appeals has dismissed his appeal.  Further, in light of our order granting partial summary judgment to Plaintiff on the issue of whether the subject property is federal land and whether Wilson is liable for trespass on the subject property, an order granting permanent injunctive relief to Plaintiff is appropriate.

**IT IS THEREFORE HEREBY ORDERED** that Wilson's motion for stay (#60) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's motion for permanent injunction (#61) is **GRANTED**.  An order imposing the permanent injunction will be filed separately.

DATED: May 5, 2010.

_____
UNITED STATES DISTRICT JUDGE

6