**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DALTON WILSON,<br><br>　　　　Defendant. | 3:09-cv-00166-RCJ-WGC<br><br>**ORDER** |

　　　　Defendant Dalton Wilson owned 80 acres of land in Lander County, Nevada. When Plaintiff the United States discovered that Defendant had built structures on adjacent federal land, it notified him that he was trespassing and asked him to remove the structures but offered in the alternative to sell him the adjacent land. Defendant neither purchased the adjacent land nor removed the structures, and when he lost his own 80 acres to foreclosure in 2005, he moved into one or more of the structures on the federal land. In a 2008 criminal trespass case, Judge Sandoval found Defendant not guilty because of the doubt over ownership of the land created by Lander County's suit against the United States filed the day before. Judge Sandoval later dismissed Lander County's suit for lack of subject matter jurisdiction when Lander County confirmed it did not seek to quiet title to the land. Indeed, Lander County had previously quitclaimed the land to the United States.

In the present case, the United States sued Wilson for civil trespass in 2009, seeking damages and ejectment. In 2009, Judge Reed granted Plaintiff summary judgment on liability and entered a permanent injunction, leaving damages to a jury. When Plaintiff later withdrew its claim for damages, Judge Reed entered judgment. The Court of Appeals summarily affirmed.

Defendant has asked the Court to relive him from the "void" Judgment under Rule 60(b)(4). Defendant identifies no circumstances that could cause the Court to find the Judgment to be void. The Double Jeopardy Clause does not prevent both a civil and criminal action based on the same acts unless the civil action is in substance punitive, which is plainly not the case as to a common law trespass claim. *Hudson v. United States*, 522 U.S. 93, 99 (1997). Nor does the doctrine of *res judicata* prevent a finding of civil trespass after an acquittal as to a criminal trespass charge. Even assuming the elements of the two claims are the same, a criminal acquittal only means that it has not been proved beyond a reasonable doubt that a trespass occurred. But unless a judge or jury has so found via special verdict, an acquittal is not a determination that a trespass did not occur, but only a determination that it did not occur *beyond a reasonable doubt*. It remains logically possible after a general acquittal that a trespass occurred by a preponderance of the evidence. So long as the civil claim need only be proved to a lesser degree of certainty than "beyond a reasonable doubt," a finding of civil trespass is not inconsistent with an acquittal as to criminal trespass. In any case, these arguments were previously available to Defendant, and to the extent he raised them, the Court of Appeals has already rejected them.

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motions (ECF Nos. 141, 148) are DENIED.

IT IS SO ORDERED.

Dated this 9th day of November, 2015.

_____
ROBERT C. JONES
United States District Judge