# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>DALTON WILSON,<br><br>                    Defendant. | 3:09-cv-00166-RCJ-WGC<br><br>**ORDER** |

      Defendant Dalton Wilson owned 80 acres of land in Lander County, Nevada. When Plaintiff the United States discovered that Defendant had built structures on adjacent federal land, it notified him that he was trespassing and asked him to remove the structures but offered in the alternative to sell him the adjacent land. Defendant neither purchased the adjacent land nor removed the structures, and when he lost his own 80 acres to foreclosure in 2005, he moved into one or more of the structures on the federal land. In a 2008 criminal trespass case, Judge Sandoval found Defendant not guilty because of the doubt over ownership of the land created by Lander County's suit against the United States filed the day before. Judge Sandoval later dismissed Lander County's suit for lack of subject matter jurisdiction when Lander County confirmed it did not seek to quiet title to the land. Indeed, Lander County had previously quitclaimed the land to the United States.

In the present case, the United States sued Wilson for civil trespass in 2009, seeking damages and ejectment. In 2009, Judge Reed granted Plaintiff summary judgment on liability and entered a permanent injunction, leaving damages to a jury. When Plaintiff later withdrew its claim for damages, Judge Reed entered judgment. The Court of Appeals summarily affirmed.

Defendant recently asked the Court to relive him from the Judgment under Rule 60(b)(4). The Court denied the motion because Defendant identified no circumstances that could cause the Court to find the Judgment to be void. The Court rejected Defendant's double jeopardy argument because the Double Jeopardy Clause does not prevent both a civil and criminal action based on the same acts unless the civil action is in substance punitive, which is plainly not the case as to a common law trespass claim. *Hudson v. United States*, 522 U.S. 93, 99 (1997). The Court also rejected Defendant's claim preclusion argument because the doctrine of *res judicata* does not prevent a finding of civil trespass after an acquittal as to a criminal trespass charge. The Court also noted that the arguments were previously available to Defendant, and to the extent he had raised them, the Court of Appeals had already rejected them.

Defendant has asked the Court to clarify not its recent order but rather the intent of Congress under § 2 of the Homestead Act of 1862. The Court cannot issue an advisory opinion, however. *Flast v. Cohen*, 392 U.S. 83, 96 (1968).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Clarification (ECF No. 150) is DENIED.

IT IS SO ORDERED.

Dated this 12th day of February, 2016.

_____
ROBERT C. JONES
United States District Judge