# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>DALTON WILSON,<br><br>   Defendant. | 3:09-cv-00166-RCJ-WGC<br><br>**ORDER** |

  Defendant Dalton Wilson owned 80 acres of land in Lander County, Nevada. When the United States discovered Defendant had built structures on adjacent federal land, it notified him that he was trespassing and asked him to remove the structures but offered in the alternative to sell him the adjacent land. Defendant neither purchased the adjacent land nor removed the structures, and when he lost his own 80 acres to foreclosure in 2005, he moved into one or more of the structures on the federal land.

  In a 2008 criminal trespass case, District Judge Brian Sandoval found that Wilson had no lawful interest in the subject property and that he had knowingly and willfully occupied the subject property without authorization. However, Judge Sandoval also found that the United States had not established beyond a reasonable doubt that the subject property was federal land; title to the land was being challenged in a separate action by Lander County. Defendant was therefore found not guilty. Lander County's lawsuit was subsequently dismissed.

In the present case, the United States sued Wilson for civil trespass in 2009, seeking damages and ejectment. On December 22, 2009, District Judge Edward Reed granted Plaintiff summary judgment on liability and entered a permanent injunction, leaving damages to a jury. (ECF No. 54.) On July 28, 2010, after Plaintiff withdrew its remaining claim for damages, Judge Reed entered judgment against Defendant. (ECF No. 99.) Thereafter, Defendant filed several motions seeking relief from the Court's judgment, (ECF Nos. 103, 111, 117, 118), all of which the Court denied, (ECF Nos. 107, 116, 123). On November 16, 2010, Defendant appealed the last of the Court's orders denying relief under Rule 60(b), and on March 16, 2011, the Ninth Circuit summarily affirmed. (ECF No. 135.)

More than four years later, Defendant once again sought relief from judgment under Rule 60. (ECF No. 141.) The Court denied the motion because Defendant identified no circumstances under which the Court could find the judgment void. (ECF No. 149.) The Court rejected Defendant's double jeopardy argument because the Double Jeopardy Clause does not prevent both a civil and criminal action based on the same acts unless the civil action is in substance punitive, which is plainly not the case with common law trespass. *Hudson v. United States*, 522 U.S. 93, 99 (1997). The Court also rejected Defendant's claim preclusion argument because the doctrine of res judicata does not prevent a finding of civil trespass after an acquittal as to a criminal trespass charge. The Court also noted that these arguments were previously available to Defendant, and to the extent he had raised them, the Court of Appeals had already rejected them. The Court also subsequently denied Defendant's motion for clarification on the grounds that it was actually a request for an advisory opinion regarding the congressional intent behind Section 2 of the Homestead Act of 1862. (ECF No. 152.)

Now, Defendant once again seeks relief from the judgment in the form of a motion for writ of *coram nobis*. (Motion, ECF No. 153.) The Court denies the motion. First, Plaintiff

correctly notes that writs of *coram nobis* were abolished many years ago by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 60(e); *see also Telink, Inc. v. United States*, 24 F.3d 42, 45 (9th Cir. 1994) (noting that the writ of *coram nobis* is still available in certain criminal cases, "even though the procedure authorizing the issuance of the writ was abolished for civil cases"). Therefore, to the extent Defendant asks for the issuance of an abolished writ, this Court has no authority to issue it.

Furthermore, "[t]he writ of *coram nobis* was available at common law to correct *errors of fact*. It was allowed without limitation of time for facts that affect the 'validity and regularity' of the judgment . . . ." *United States v. Morgan*, 346 U.S. 502, 507 (1954) (emphasis added). However, Defendant's motion does not raise a single issue of fact, be it an alleged factual error or misapprehension of the Court or a recent discovery of facts that were previously unavailable. Rather, Defendant makes a bevy of frivolous legal arguments, many if not all of which were already raised in past motions, and which the Court rejected.

In reality, this motion is merely another request for relief within the ambit of Rule 60(b). Such motions must be made "within a reasonable time . . . after the entry of the judgment or order of the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Surely it is not reasonable that this motion was brought more than six years after this Court entered judgment, and more than five years after affirmance by the Ninth Circuit, particularly in light of the fact that the motion retreads the same meritless jurisdictional and legal challenges that this Court and the Court of Appeals have already rejected.

/ / /

/ / /

/ / /

/ / /

**CONCLUSION**

IT IS HEREBY ORDERED that the motion (ECF No. 153) is DENIED.

IT IS SO ORDERED.

DATED: This 13th day of April, 2017.

_____
ROBERT C. JONES
United States District Judge