# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DALTON WILSON,

    Defendant.

3:09-cv-00166-RCJ-WGC

**ORDER**

Defendant Dalton Wilson moves the Court to reconsider its order of April 13, 2017, denying Plaintiff's motion for a writ of coram nobis. (*See* Order, ECF No. 160.) The procedural history of this case and the Court's bases for denying Defendant's motion are detailed in that order. For the reasons given herein, the Court declines to reconsider.

Granting a motion to reconsider is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). In some cases, "other, highly unusual, circumstances" may also warrant reconsideration. *Id.*

However, a motion to reconsider "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll*, 342 F.3d at 945; *see also United States v. Lopez-Cruz*, 730 F.3d 803, 811–12 (9th Cir. 2013). Moreover, "[a] motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *United States v. Huff*, 782 F.3d 1221, 1224 (10th Cir.), *cert. denied*, 136 S. Ct. 537 (2015).

Defendant has not presented a basis for the Court to reconsider its order. There is no newly discovered evidence, the Court did not commit clear error, and there has been no intervening change in controlling law. Judgment was entered in the case, and the case was closed, on July 28, 2010. (ECF No. 99.) Thereafter, Defendant filed several motions seeking relief from the Court's judgment, (ECF Nos. 103, 111, 117, 118), all of which the Court denied, (ECF Nos. 107, 116, 123). On November 16, 2010, Defendant appealed the last of the Court's orders denying relief under Rule 60(b), and on March 16, 2011, the Ninth Circuit summarily affirmed. (ECF No. 135.) Now, Defendant continues to file motions in which he retreads the same meritless jurisdictional and legal challenges that this Court and the Court of Appeals have already rejected. In fact, Defendant concedes that this motion for reconsideration is merely "repeating the jurisdictional and legal challenges and [sic] the officers of the court will not make jurisdiction appear on the face of the record." (Reply 2, ECF No. 164.)

Accordingly, the motion is denied. In addition, Defendant is cautioned not to file further motions in this case raising arguments which are untimely or which the Court has already considered.

/ / /

/ / /

/ / /

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 161) is DENIED.

IT IS SO ORDERED. June 14, 2017

_____
ROBERT C. JONES
United States District Judge